J-S40008-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHRISTOPHER WESTBROOKS, JR., | |
| Appellant | No. 1533 WDA 2018 |

Appeal from the Judgment of Sentence Entered January 21, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0008986-2013

BEFORE: BENDER, P.J.E., MCLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BENDER, P.J.E.:         **FILED SEPTEMBER 26, 2019**

Appellant, Christopher Westbrooks, Jr., appeals *nunc pro tunc* from the judgment of sentence of an aggregate term of 130 to 260 months' incarceration, imposed after he was convicted, following a non-jury trial, of aggravated assault (18 Pa.C.S. § 2702(a)(1)), persons not to possess a firearm (18 Pa.C.S. § 6105), carrying a firearm without a license (18 Pa.C.S. § 6106), and recklessly endangering another person (18 Pa.C.S. § 2705). On appeal, Appellant challenges the discretionary aspects of his sentence. After careful review, we affirm.

Briefly, Appellant was convicted of the above-stated offenses based on evidence that he shot Allen Parker Newton on June 14, 2013. The trial court explained:

_____

[*] Retired Senior Judge assigned to the Superior Court.

[O]n the night of the incident[, Newton] was walking on North Third Avenue in Duquesne when he was approached by [Appellant,] who shot him five times. [Newton] was shot three times in the back and then twice in the chest. [Newton] testified that he had approximately 14 surgeries as a result of his injuries and will require additional surgeries. He also suffered from multiple infections, including a kidney infection, and testified that there was a bullet lodged near his heart that still poses a threat to his life.

Trial Court Opinion (TCO), 12/20/18, at 2.

After the preparation of a presentence report, Appellant proceeded to a sentencing hearing on January 21, 2015. There, Appellant

argued that a mitigated range sentence of 5½ years [should] be imposed for the [a]ggravated [a]ssault. [Appellant also] argued that the guidelines were "bumped up" because of the [sentencing] enhancements and that[,] given "the entirety of his life history that was contained in the presentence report[,]" … a mitigated range sentence should be imposed.

The Commonwealth noted [Appellant's] prior record[,] which included … adjudication[s] as a juvenile for recklessly endangering another person and possession of a firearm…[,] as well as a consent decree for theft of a vehicle, criminal mischief, receiving stolen property and possession of a controlled substance. As an adult[, Appellant] also had convictions for possession of a firearm, possession with intent to deliver a controlled substance and resisting arrest. The Commonwealth requested a standard range sentence of 8 years[' incarceration] for the aggravated assault and, "because the defendant has obviously not gotten the message about not carrying a firearm," 5 years[' incarceration] for carrying a firearm [without a license,] for an aggregate recommended sentence of 13 to 26 years[' incarceration].

[Appellant] spoke at length at the sentencing hearing [and] … acknowledged that he knew the [victim] and "loved him like a brother." He indicated that "[they] had a fight many months before this happened over some money," and contended that he was fearful of the victim and at the time of the incident he thought the victim, although unarmed, was carrying a gun. [Appellant] stated:

"I'm not saying that I am not guilty for what I did. What I did was completely wrong. I could have found a better way and made a way better decision and avoided it."

[Appellant] was then sentenced to a standard range sentence on the aggravated assault charge to 80 to 160 months[' incarceration,] and a consecutive sentence of 50 to 100 months[' incarceration] for persons not to possess a firearm. He was also sentenced to concurrent sentences of 36 to 72 months[' incarceration] for carrying a firearm without a license[,] and 6 to 12 months[' incarceration] for recklessly endangering another person.

*Id.* at 2-3 (citations to the record omitted).

Appellant did not file post-sentence motions or a direct appeal. However, on September 8, 2017, he filed a *pro se* letter to the court, which the court treated as a petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, and appointed counsel. In counsel's amended PCRA petition, he argued that Appellant had asked his trial counsel to file an appeal on his behalf, but trial counsel failed to do so. Appellant alleged that he did not discover this failure until August of 2017, after he inquired about the status of his appeal with the Allegheny County Clerk of Courts. Thus, Appellant contended that his facially untimely petition met the 'newly-discovered fact' exception of 42 Pa.C.S. § 9545(b)(1)(ii), and his post-sentence motion and appellate rights should be restored.

On August 16, 2018, the PCRA court issued an order granting Appellant's petition and reinstating his right to file post-sentence motions and a direct appeal *nunc pro tunc*. The Commonwealth did not file an appeal from that order.

Appellant thereafter filed a post-sentence motion to modify his sentence, which the court denied on September 19, 2018. On October 19, 2018, Appellant filed a timely notice of appeal. He also timely complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The trial court filed a responsive Rule 1925(a) opinion. Herein, Appellant presents the following issue for our review:

> I. Did the trial court err in imposing a sentence that was manifestly excessive, unreasonable, and an abuse of discretion when the trial court overlooked and/or failed to carefully consider relevant factors when sentencing [Appellant], including his background and rehabilitative needs; and the court relied on impermissible duplicative factors, that is, the seriousness of the offense and [Appellant's] prior record, and failed to impose an individualized sentence?

Appellant's Brief at 6 (unnecessary capitalization and emphasis omitted).

Appellant's issue implicates the discretionary aspects of his sentence.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. ***Commonwealth v. Sierra***, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > We conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).
>
> ***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa. Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006). Objections to the discretionary aspects of a sentence are generally waived if

they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. ***Commonwealth v. Mann***, 820 A.2d 788, 794 (Pa. Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. ***Commonwealth v. Paul***, 925 A.2d 825, 828 (Pa. Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Sierra, supra*** at 912–13.

***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) (quoting ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010)).

Here, Appellant filed a timely notice of appeal and he preserved his sentencing claims in his post-sentence motion. He has also included a Rule 2119(f) statement in his brief. Therein, he argues that his sentence is manifestly excessive and unreasonable because the court failed to consider the factors set forth in 42 Pa.C.S. § 9721(b). He also insists that the court focused solely on the seriousness of the crime and his prior record, thereby 'double-counting' factors that were already considered in calculating the sentencing guideline range applicable to Appellant. We conclude that Appellant has raised substantial questions for our review. ***See Commonwealth v. Derry***, 150 A.3d 987, 992 (Pa. Super. 2016) ("An averment that the trial court failed to consider relevant sentencing criteria, including the protection of the public, the gravity of the underlying offense and the rehabilitative needs of [the a]ppellant, as 42 Pa.C.S. § 9721(b) requires[,] presents a substantial question for our review in typical cases.")

(internal quotation marks and citation omitted); ***Commonwealth v. Simpson***, 829 A.2d 334, 338 (Pa. Super. 2003) (considering, as a substantial question, a claim "that the sentencing court relied on impermissible factors, by considering factors already included in the sentencing guidelines").

However, Appellant's arguments do not demonstrate that he is entitled to sentencing relief. To begin, we recognize that:

> "Sentencing is a matter vested within the discretion of the trial court and will not be disturbed absent a manifest abuse of discretion." ***Commonwealth v. Crump***, 995 A.2d 1280, 1282 (Pa. Super. 2010). "An abuse of discretion requires the trial court to have acted with manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." ***Id.*** "A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." ***Id.*** at 1283.

***Commonwealth v. Rush***, 162 A.3d 530, 544 (Pa. Super. 2017), *appeal denied*, 170 A.3d 1049 (Pa. 2017).

In this case, Appellant contends that the trial court abused its discretion in fashioning his sentence because it "ignored [his] remorse, the fact that he was working, had a family, and was making an effort to do the right things and stay out of trouble despite peer pressure, living in a high-crime area, and his fear of the victim." Appellant's Brief at 21. He further insists that the court disregarded his rehabilitative needs, noting that "[n]o evidence was presented that [he] had had an opportunity to be involved in a comprehensive treatment plan in the past." ***Id.*** According to Appellant, "[t]he possibility of

[his] rehabilitation existed, yet the sentencing court did not specifically address his rehabilitative needs or any factors regarding his ability to be rehabilitated." **Id.** Instead, Appellant claims that the court focused only on the seriousness of the offense and his prior record, which constituted a 'double-counting' of factors that were "already included when determining the guideline range, [and] the offense gravity score." **Id.** at 23. For all of these reasons, Appellant maintains that his sentence is manifestly excessive and unreasonable.

In rejecting Appellant's arguments, the trial court reasoned as follows:

> In this case[,] the factors set forth in the sentencing code were properly considered. [Appellant] engaged in an attack on the victim shooting him multiple times[,] which resulted in life threatening and permanent injuries. The shooting took place on a public street with others nearby. [Appellant's] history, as shown in the presentence report, reflects that [Appellant] has a history of multiple offenses related to carrying a firearm. As [the court] noted at the sentencing [hearing]:
>
> > "[Appellant], I agree with you a hundred percent. You have to find a better way to deal with disputes than shooting each other. It's a dangerous way. The other thing is there are other people in that neighborhood that somebody else could have been killed. It's a tragic event. And the victim, I don't know how much longer he's going to live given all of this - [h]e still has a bullet in him." ([N.T. Sentencing, 1/21/15, at] 12)[.][1]

_____

[1] To the extent Appellant challenges the adequacy of the court's on-the-record statement of its reasons for imposing his sentence, **see** Appellant's Brief at 21, this claim was not preserved in his post-sentence motion, nor in his Rule 1925(b) statement. Appellant also failed to assert in either of those documents that the court did not consider mitigating circumstances, such as

As noted above, [Appellant's] conduct is not an isolated event but represents a pattern of repeated criminal conduct that has continued and escalated. Clearly[,] the sentence in the standard range [accounted for] the gravity of the offenses as it relates to the lifelong impact on the victim. The sentence also [accounted for] the impact of [Appellant's] continued illegal carrying of a firearm on the community as a whole.

The rehabilitative needs of [Appellant] were also specifically considered. Despite the fact that [Appellant] has had previous adjudications and convictions related to firearms, he has failed to recognize and appreciate the dangers involved to himself and others by his conduct. As the Commonwealth appropriately indicated, [Appellant] has "not gotten the message about not carrying a firearm." The record clearly demonstrates that the sentence of incarceration was appropriate not only for the protection of the community as a whole[,] but also to facilitate [Appellant's] long term rehabilitation.

[Appellant] also contends that[,] by focusing exclusively on the seriousness of the offense and [his] prior record[,]… the [c]ourt engaged in "double counting" the factors already included in the Offense Gravity Score, the Deadly Weapon Enhancement and the Prior Record Score of each offense. In this case, in imposing [a] sentence less than [that] requested by the Commonwealth[,] and [one] that was [in] "a little bit of a low end" of the standard range, the sentence did not double count any factors to enhance or impose a harsher sentence. ([N.T. Sentencing Hearing at] 12)[.] As a general rule, a sentencing court may not 'double count' factors already taken into account in the sentencing guidelines[;] however, a sentencing court is permitted to use prior conviction history and other factors included in the guidelines if[] they are used to supplement other

_____

his work history, family support, and fear of the victim. Therefore, these arguments are waived. *See **Commonwealth v. Bromley***, 862 A.2d 598, 603 (Pa. Super. 2004) ("It is well settled that an [a]ppellant's challenge to the discretionary aspects of his sentence is waived if the [a]ppellant has not filed a post-sentence motion challenging the discretionary aspects with the sentencing court.") (citation omitted); Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").

extraneous sentencing information. ***Commonwealth v. Shugars***, 895 A.2d 1270, 1275 (Pa. Super. 2006). In this case[,] there was no abuse of discretion and an appropriate sentence was imposed.

TCO at 4-6.

Given the reasons stated by the trial court, and after reviewing the record of the sentencing hearing, we conclude that the court did not abuse its discretion in imposing Appellant's sentence. Contrary to Appellant's arguments, the court considered the required factors, including his rehabilitative needs, and balanced those factors against the seriousness of his offense, his prior record, and the danger he poses to the public. The court also had the benefit of a presentence report, and it imposed standard range sentences. Appellant is not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/26/2019